## HULL, ROBINSON & CO. *v.* GARNER, NEVILLE & CO.

1. PARTNERSHIP : POWER OF CO-PARTNER TO CONFESS JUDGMENT FOR THE FIRM.—A partner cannot bind his associate, without his assent, by a warrant of attorney, to confess a judgment, or a *cognovit actionem*, executed by him in the firm's name ; but if it appear by the record that the *cognovit*, &c., was proved to have been executed by all the defendants, and that process had been served on all of them, a judgment rendered by confession on the *cognovit*, will be good and valid as to all.

2. RECORD—PARTNERS BOUND BY STATEMENT IN.—A statement in the record that a *cognovit actionem*, signed in the partnership name by one of the partners, was proved to have been executed " by the defendants," will be construed to mean that all the partners who were served with process assented to and authorized the execution of the instrument.

IN error from the Circuit Court of Kemper county. Hon. John Watts, judge.

VOL. II.—10

Garner, Neville & Co., sued J. W. Hull, P. H. Gully, and J. B. Robinson, as partners under the firm name of Hull, Robinson & Co., upon two notes executed by defendants in their partnership name, and payable to plaintiffs.   A summons was issued and personally served on each of the defendants.   At the return term of the writ, being the March term, A. D. 1855, of the court, the following judgment was entered :—

"Garner, Neville & Co. ⎫
        v.                                    ⎬
Hull, Robinson & Co. ⎭

"And now, on the 5th day of March, 1855, came the plaintiffs, by attorney, and proved in open court the execution of an agreement made by the defendants to plaintiffs, in vacation, in the words and figures following, to wit: 'We, Hull, Robinson & Co. waive all exceptions to the sufficiency of service in this case, and consent that judgment be had and entered at the next March term, 1855, of said court, for the amount of the two notes declared on, with eight per cent. interest thereon from the maturity of the notes, they having been made in Alabama and payable in said State— that is, for $3,070 44, and costs of suit.   It is also agreed, that there be included with said two notes, another for $730 82, due the plaintiffs on the 5th day of February, 1855, on which there will be due on the 5th day of March, 1855, the sum of $735 68, making, together with the other two notes, $3,806 12; for which sum judgment may be entered at said next term, to carry interest at eight per cent., reciting that the said several notes were made, and payable in the State of Alabama, and that that was shown to be the legal rate of interest in said State, and for costs.   Said judgment may be entered upon confession, and with release of all errors; and execution to be stayed until the 1st of May, 1855. (Signed,) Hull, Robinson & Co.'   Whereupon it is considered by the court, that the plaintiffs do have and recover of the said Hull, Robinson & Co., the aforesaid sum of three thousand eight hundred and six dollars and twelve cents, so by them confessed as mentioned in the agreement aforesaid, with interest thereon at the rate

of eight per cent. per annum, until paid; together with the costs in their behalf expended, for which execution may issue. And the said defendants release all errors in the judgment herein. And it is further ordered that execution be stayed until 1st day of May, 1855, in pursuance of said agreement."

From which judgment, Hull, Robinson & Co., prosecuted this writ of error.

*Jarnagin* and *Rives*, for plaintiffs in error,

Cited Hutch. Code, 884; Ib. 877, § 94; 1 Wend. R. 311; 9 Ib. 437; Story on Partn. §§ 114-120; 4 S. & M. 261.

*George L. Potter*, for defendants in error,

Cited Collyer on Partn. 260; *Bissell* v. *Covilli*, 6 Ala. 503; *Crane* v. *French*, 1 Wend. R. 311.

*T. Reavis*, on same side.

1. A writ of error will not lie upon a confessed judgment, whether the judgment be erroneous or not. Hutch. Code, 931, art. 4, sec. 4; Ib. 877, sec. 94; 12 S. & M. 641. Besides the statutory release of errors consequent upon a confession of judgment, in this case there is an express release. If the judgment be erroneous, the error cannot be corrected by means of a writ of error. It must be done by application to the court which rendered the judgment, or by bill in chancery.

2. If it be true, that one partner cannot bind another by a voluntary confession of judgment, the principle cannot affect this case, for it does not appear that this judgment was confessed by any number of the partners less than all. The record shows, that the plaintiffs proved that the agreement for confession was executed *by the defendants*. "The defendants" are the individuals named in the summons, each of whom was in court by the service of the summons. This recital in the record excludes any presumption that the agreement for confession was executed by any number less than all "the defendants." On the contrary, it must be presumed that it was executed by all, from the facts, that the summons was executed upon all, and none made any defence. They

must have known that judgment would go by default, if they made no defence. It is but reasonable, therefore, to infer, that the reason they made no defence was, because they had executed, or consented to the agreement for confessing judgment.

3. Even if it appeared, or could be presumed from the record, that the agreement was executed by only one of the partners, still, all the partners being in court *by the service of the summons upon each one*, a confession of judgment by one, in the name of all, is valid, and binding upon all. This is expressly decided in *Crane* v. *French*, 1 Wend. R. 311; and in *Grazebrook* v. *McCreedie*, 9 Ib. 439. See also, *Witherell* v. *Holmes*, 20 Ib. 609.

4. At least one of the partners executed the agreement. As to that one the judgment is binding, and will not be reversed, nor set aside in any other way. See the cases last cited, and *Green* v. *Beales*, 2 Caines, 254. If only one executed it, the record does not show which one did it. Each of the defendants, therefore, fails to show any error of which he alone, or jointly with the others, can complain. Such an error must be shown before this court will reverse; for it is a rule of this court, that a party complaining of error must show it affirmatively, as all presumptions are in favor of the correctness of the judgment. *Henderson* v. *Guyot*, 6 S. & M. R. 209; *Green* v. *Creighton*, 7 Ib. 197; *The State* v. *Farish*, 1 Cush. R. 484; *Davis* v. *Brown*, 5 Ib. 265.

5. If it be a fact, whether shown by the record or not, that only one of the plaintiffs in error executed the agreement, in pursuance of which the judgment was rendered upon confession, a writ of error is not the proper remedy of the others for obtaining redress. 2 Caines, 254; and the cases cited in support of the third point.

6. The form of the judgment is sufficient. It is in strict conformity with the agreement; and though against "the said Hull, Robinson, & Co.," is good by reference to the complaint and sumsums, which show the name of each defendant composing the firm.

7. The agreement is not, and was not intended to be, the foundation of an office confession of judgment; nor is it a power of attorney to confess judgment, within the meaning of the statute. Hutch. Code, 877, sec. 94. It is simply a waiver of defence to the action, and a consent that the court should render judgment in the action,

for a specific amount. It is not material, therefore, whether all the notes embraced in the judgment, were originally embraced in the action or not. The parties had a right to consent, that the note not originally sued upon should be embraced in the complaint, and that judgment should be entered upon it. By reference to the complaint, it will be seen that it is so embraced.

8. The record recites, that "the defendants release all errors in the judgment herein." All presumptions being in favor of the correctness of the judgment, it must be presumed, there being nothing in the record to the contrary, that the defendants made the release personally, in open court. If this view be correct, it alone is decisive that the judgment should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The defendants in error brought suit, to the March Term, 1855, of the Circuit Court of Kemper county, against the plaintiffs in error, upon three promissory notes, alleged to have been made by three parties in their firm name of Hull, Robinson & Co. A summons was issued and executed, personally, upon each of them. At the return term, the defendants in error filed in court, an agreement in writing, signed "Hull, Robinson & Co.," by which they waived all exception to the sufficiency of the service of the summons, and consented that a judgment by confession should be entered against them upon the notes sued on, with release of errors; execution to be stayed until the first of May following. No defence was made to the suit; and the defendants in error having proved "the execution of the agreement by the defendants" below, a judgment by confession, in conformity with the terms of the agreement, was entered against them. To revise the judgment thus rendered, this writ of error is prosecuted.

A judgment on confession is equivalent to a release of errors. Hutch. Dig. 877, § 59. The question to be determined, therefore, is not whether the judgment is simply erroneous, but whether it is absolutely void.

It is evident that the character of the agreement for a confession of the judgment, must determine this question. If the agreement was either valid as a power of attorney to confess judgment,

or sufficient as a *cognovit actionem,* it is clear that the judgment was not void.

There is no pretence for saying that the agreement ought to be regarded as a warrant or power of attorney, by which the defendants in error or any one else, was authorized to confess judgment upon the notes in suit.

The agreement under consideration was executed in the name of the firm, and not by the persons constituting the co-partnership. And hence, it is insisted that the agreement was invalid as to the partners who did not join in the execution ; and as a necessary consequence, that the judgment was void.

It is the settled law, that one partner cannot bind another without his assent, by bond or warrant to confess a judgment. Nor can one partner make a voluntary confession of judgment in the name of his partner.

But the application of these principles to the case before us, will not avail the plaintiffs in error. The record shows that the agreement was proved to have been executed "by the defendants," that is, by Hull, Robinson and Gully, the partners in the firm, and whose co-partnership name was subscribed to the agreement. It is true that it does not appear by which of the partners the name of the firm was affixed to the agreement. This was wholly unimportant. The fact material to be established was, that the instrument was executed by all the members of the firm, or which would amount to the same thing, that they were present and assented to its execution. This is the fair, in fact, the only construction which can be put upon the statement in the record. We must, therefore, consider the agreement, although executed in the firm name, as the act of each of the partners, and, as such, binding upon them individually.

The court had jurisdiction of the subject-matter of the writ. The parties were before it by its process. From an entry in the record, the presumption exists that they were present, in person, when the judgment was rendered. And as they interposed no objection, we may infer that it was done with their assent. Under these circumstances, we think the agreement may well be regarded

as equivalent to a *cognovit actionem ;* and consequently, that the judgment was neither erroneous nor void.

Judgment affirmed.