MALLEY vs. ALTMAN and another.

CLAFLIN and others vs. THE SAME.

Where the sheriff returns a writ of attachment "No property found," the court has jurisdiction over the person notified as garnishee, although the affidavit of garnishment shows that the property of the attachment defendant in the hands of the garnishee consists of *goods*, subject to actual levy by attachment.

The proceeding against a garnishee is an *action* within the meaning of sec. 2, chap. 129, R. S., and an injunction against the garnishee may be granted under the provisions of that section.

APPEAL from the County Court of *Milwaukee* County.

*Malley* commenced an action against *Altman & Blossom* in the county court, on the 7th of July, 1860, by the service of a summons; and on the same day, upon an affidavit stating, among other things, the belief of the plaintiff that the defendants had disposed of their property with intent to defraud their creditors, obtained a writ of attachment against them. The plaintiff also filed an affidavit on the same day, stating that one *Allen* had in his possession goods belonging to the defendants in the attachment. On the 10th of July, the sheriff returned the writ of attachment with an indorsement showing that he had served it on the defendants on the 7th; that he found "no property to attach or get possession of," and that on the same day he notified Allen to appear and answer as garnishee. *Allen* appeared before a court commissioner on the 16th of July,

and made his answer as garnishee, in which he admitted
that he had in his possession a stock of goods which former-
ly belonged to *Altman & Blossom*, but stated, among other
things, that he had purchased the goods from them on the
27th of June previous, for value, without knowing of their
indebtedness. Upon the answer of the garnishee and upon
sundry affidavits, the county court, on the 23d of July, made
an order enjoining the garnishee from disposing of the goods,
until the further order of the court. One of the affidavits
was made by *Altman*, and alleged that *Allen* was insolvent,
and that the sale of the partnership goods was made without
his knowledge or consent, by his partner *Blossom*, and that
he believed the sale was made for the purpose of defrauding
the creditors. On the 24th of July, upon affidavits tending
to show that the interest of the parties required an immedi-
ate sale of the goods, the court made an order appointing a
receiver, with direction to sell the goods and bring the pro-
ceeds into court. From this order and from that of July
23d, above mentioned, *Allen* appealed.

The case of *Claflin and others vs. Altman and another*, was
similar to that of *Malley* against the same parties, and the
two cases were argued together in this court.

*Carpenter & Gridley*, for appellant, contended that the
county court had no jurisdiction of *Allen* as garnishee, be-
cause it affirmatively appeared from the affidavit for garnish-
ment that the property which he had in his possession was
not moneys, credits and effects, but *goods*, which were sub-
ject to levy under the attachment. There was no return of
the officer indorsed upon the notice of garnishment, of his
inability to attach and get possession of the property. The
return to that effect was made on the writ of attachment
three days after the date of the affidavit and notice of gar-
nishment and the service of the same on *Allen*; and that
return was directly in conflict with the affidavit from which
the officer derived his authority to serve garnishee process.
R. S., chap. 130, sec. 34; *Allen vs. Megguire*, 15 Mass., 489–90;
*Booth vs. Booth*, 7 Conn., 350; *Hollister vs. Johnson*, 4 Wend.,
639. 2. No *summons* having been served upon *Allen*, he is
not a party to the actions against *Altman* and *Blossom* (R.

January Term, 1861.

MALLEY
v.
ALTMAN et al.

S., chap. 124, sec. 1); and an injunction should not be granted against a person not a party to the action. *Iverson vs. Harris*, 7 Vesey, 257; *Fellows vs. Fellows*, 4 Johns. Ch. R., 25; *Waller vs. Harris*, 7 Paige, 167; *Watson vs. Fuller*, 9 How. Pr. R., 425; *Reubens vs. Joel*, 3 Kern., 488. 3. The answer of a garnishee is analogous to an answer in equity; and an injunction will be vacated upon an answer denying all equities of the bill. 1 Johns. Ch. R., 211; 2 id., 148; 4 id., 26; 3 Paige, 76; 4 id., 111; 6 id., 295; 3 Sandf., 731; 6 How. Pr. R., 341.

*Cary & Pratt*, for respondents.

May 15.

*By the Court*, COLE, J.   It is objected in this case that the county court acquired no jurisdiction of the garnishee, because it affirmatively appeared from the affidavit for garnishee proceedings, that he had property in his possession, consisting of goods, wares and merchandise, which were subject to actual levy by attachment. It is a sufficient answer to this objection, that the sheriff returned he could find no property to attach and get possession of, and this return must be deemed conclusive in this proceeding. Although the garnishee might have had in his possession goods and merchandise at the time the affidavit was made, it does not follow that the officer could find it or seize the same. He returns that he could not, and that was all that was necessary to authorize the officer to summon the garnishee to appear and answer such questions as might be put to him touching his liability as garnishee of the defendant in the attachment.

It is further objected that the order for the injunction, and the injunction itself, were improvidently granted against the garnishee, and that they could only properly issue against the real defendant in the action. The statute authorizes the granting of an injunction when, during the litigation, it shall appear that the defendant is doing, or threatens or is about to do, some act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual. Section 2, chap. 129, R. S. The affidavits in the case clearly show that *Allen* claims to be the absolute

owner of the goods and merchandise purchased by him of *Blossom*, and to have the right to dispose of them as he sees fit. It is further stated in the affidavits that he is insolvent. Now the sale by *Blossom* is alleged to be fraudulent and void, and should this fact be established, then obviously a judgment against *Allen* would be ineffectual, unless in the meantime he is restrained from disposing of the property.

Although it is very apparent that an injunction against a garnishee under these circumstances would come fully within the spirit of the statute and the mischiefs intended to be prevented by it, yet at first we had some doubt whether the case came within the letter of the provision. The statute speaks of "the defendant in the action," who is doing or threatens to do some act in violation of the plaintiff's rights, and who is to be restrained. But a proceeding against a garnishee is to all intents an action. This an examination of chapter 130, R. S., will clearly show. Issues can be made up and tried, and judgment can be rendered in the garnishee suit, which has substantially the same legal effect as any other judgment. And this is the reason why the authority of *Reubens vs. Joel et al.*, 3 Kernan, 488, can have no application to this case. Here the proceeding against the garnishee is a suit, and the garnishee becomes a "defendant in the action," coming within both the letter and spirit of the law. In New York they have no such statute as our chapter 130.

The conclusion at which we have arrived is, that the injunction against the garnishee was properly allowed, and we must therefore affirm the order granting the same.

Order affirmed, with costs.