## ALMY vs. PLATT and others.

Whether a court of equity has jurisdiction to interfere in favor of an *attaching* creditor, to set aside a fraudulent transfer of property by the debtor, or enjoin any disposition he may choose to make of it is not a settled question.

If it was well settled that it was a proper exercise of equitable jurisdiction, to interfere in favor of an *attaching* creditor, and restrain a fraudulent disposition of the debtor's property, by himself, or his fraudulent vendee; this form of proceeding has been superseded by a complete and adequate remedy furnished in such cases by the law regulating garnishee proceedings in attachment, Sec. 2, Chap. 129, R. S.

A party who has been garnisheed is "a defendant in the action," within the spirit and meaning of Sec. 2, Chap. 129, R. S., and may be restrained under its provisions from disposing of the property of a debtor in his hands, to the injury of an attaching creditor.

APPEAL from the Circuit Court for *Manitowoc* County.

The case is sufficiently stated in the opinion of the court.

*Geo. B. Smith & E. S. Smith,* for appellants, argued that it was not necessary for the appellants to have reduced their claims to judgment, before equity would interfere to restrain the disposition of property fraudulently transferred, in the hands of the fraudulent vendee; and cited Story Eq., § 33, 184, *Chesterfield vs. Jaunsen,* 2 Ves., 155 ; Drake on attach., § 453 ; *Brasher vs. West,* 7 Pet., 608 ; *Briggs vs. Kouns,* 7 Dana, 405 ; *Beck vs. Burditt,* 1 Paige 305 ; *Andrews vs. Durant,* 18 N. Y., 500 ; *Tappan vs. Evans,* 11 N. H., 311 ; *Kittridge vs. Warren,* 14 N. H., 509; *Stone vs. Anderson,* 6 Fost., 506; *Camp vs. Bates,* 11 Conn., 53; *Hunt vs. Field,* 1 Stock. Ch., 36; *Falconer vs. Freeman,* 4 Sand. Ch., 565 ; *Lewis vs. Dodge,* 17 How. Pr., 229 ; *Heyneman vs. Dannenberg,* 6 Cal., 276; *Holt vs. Bancroft,* 30 Ala., 205; *Loomis vs. Tifft,* 16 Barb., 541 ; *Alsager vs. Rowley,* 6 Ves., 948 ; *Doran vs. Simpson,* 4 Ves., 650 ; *O'Brien vs. Coulter,* 2 Blackf., 421 ; *Blondheim vs. Moore,* 11 Md., 373, 376, and numerous other cases.

*Finches, Lynde & Miller,* for respondents. A general creditor, or a " creditor large " cannot file a bill to set aside a fraudulent disposition or transfer of property by the debtor and en-

join the disposition of it. *Montague vs. Horton*, 12 Wis., 606;
*Wiggins vs; Armstrong*, 2 Johns. Ch., 144; *Neustadt vs. Joel*, 2
Duer., 530; *Reubens vs. Joel*, 3 Kern., 488; *Day vs. Washburn*,
24 How. U. S., 354. Nor is the position of an attaching credi-
tor any better than that of a general creditor. *Melville vs.
Brown*, 1 Harr., 363; *Martin vs. Michael*, 23 Mo., 50; *Brooks vs
Stone*, 11 Abb. Pr., 220; 30 Barb., 549. And there must be
not only a judgment but an execution issued on that judg-
ment. 4 Johns. Ch., 671, 672, 678; 2 Johns. Ch., 283, 296; 7
Paige 611. But Henry W. Wellington has been garnisheed,
and there is no averment that he is insolvent, therefore the
remedy is complete at law, R. S., ch. 130, sec's 41, 50.


*By the Court*, COLE, J. The appellant commenced this suit
in equity for the purpose of setting aside certain transfers of
property made by the defendant, *Platt*, to other of the defend-
ants, on the ground that these transfers are fraudulent and void
as to creditors; and likewise to restrain the assignees or pur-
chasers from disposing of such property during the pendency
of certain attachment suits.

The appellants are all creditors of *Platt*, and have sued out
attachments and levied upon real estate, some of which, it is
claimed, *Platt* conveyed to the defendant *Rice* in trust, to pre-
vent it from being applied in payment of his debts.

They have likewise instituted garnishee proceedings against
*Rice* and the defendants *Collins, Halverson, Benjamin Welling-
ton* and *Henry W. Wellington*. It is alleged that these parties
have in their possession, or under their control, by virtue of
fraudulent transfers; merchandise, notes, accounts and other
property belonging to *Platt*, which the sheriff is unable to seize
upon, under the attachments, and which may be lost to the
creditors unless they are restrained upon from disposing of
such property or its avails. There is an allegation that the
defendants *Rice, Collins, Halverson* and *Benjamin Wellington*
are insolvent, or in greatly embarrassed circumstances.

There is however, no averment that *Henry W. Wellington,* who is alleged to be controlling, or about to control, the most of the personal property, is not abundantly able to respond to any claim of *Platt's* creditors. It is well deserving of consideration, whether an allegation that *Henry W. Wellington* is insolvent, or something equivalent to it, is not indispensable to warrant a court of equity in interposing and restraining him from disposing of the property, even if it be assumed that an attaching creditor is to be placed upon the same ground as a judgment creditor. But, for reasons which will subsequently appear, that question need not be further considered here.

The relief demanded in the complaint is, that these various transfers may be declared null and void, and that the parties having the property under their control may be restrained from disposing of it, to the end that the same may be applied to the satisfaction of any judgment which the plaintiffs or any of them may finally obtain in their attachment suits. From this statement, the substance and purpose of the action will be understood.

The complaint was demurred to by the parties who were garnisheed in the attachment suits, for want of equity, and upon various other grounds, which it will not be necessary to notice. The circuit court sustained these demurrers, and this is an appeal from those orders. It is very far from being a settled principle, upon the authorities, that a court of equity will exert its jurisdiction in favor of an attaching creditor, to set a side a fraudulent transfer of property by the debtor, or enjoin any disposition which he may choose to make of it. Some courts have held that a creditor who has attached the property of his debtor, has a sufficient lien upon the same to entitle him to file a bill in equity to remove an incumbrance or obstruction to a levy or sale, placed upon the property by means of fraud. *Tappan vs. Evans, et al.,* 11 N. H., 311; *Kitteridge vs. Emerson,* 15 id., 227 ; *Stone vs. Henderson,* 6 Foster, 506 ; *Hunt vs. Field, et al.,* 1 Stock. Ch. R., 36, and some

other cases referred to on the brief of counsel for the appellants.

But on the other hand, other courts of equal respectability and learning have denied the power, and have refused altogether to exert any such jurisdiction before judgment. They have held that a creditor could not restrain or question the disposition of the debtor's property until he had completed his title at law by judgment and execution. And the reason given for the doctrine is, that until the creditor has established his title and recovered judgment, it does not appear that he has any right to interfere with any disposition of property which the debtor may make; that although he may have commenced an attachment suit and levied upon property, still the justice and extent of his claim are to be settled by judicial investigation; that he may never recover judgment, and if he should not, his interference with the exercise of the debtor's rights would be wholly unwarranted and oppressive; that when he has recovered judgment and exhausted his legal remedies, he may then invoke the power of a court of equity to remove any embarrassments which may exist to the collection of his debt, but until he has done this, he has no concern with the debtor's frauds, nor any grounds for controlling him in the exercise of his power of alienation. *Wiggins vs. Armstrong*, 2 Johns, Ch., 144; *Brinkerhoff vs. Brown*, 4, id., 671; *Williams vs. Brown*, id., 681; *McDermott vs. Strong*, id., 687; *Day vs. Washburn*, 24 How. (U. S.,) 352; *Dodge vs. Griswold*, 8 N. H., 425; *Neustadt vs. Joel*, 2 Duer., 530; *Reubens vs. Joel*, 3 Kernan, 488; *Melville vs. Brown*, 1 Harrison, 349; *Mills vs. Black*, 30 Bosw., 550, and cases referred to by these authorities.

It must be admitted that there is much force and reason in this latter view of the subject; but whether it is the sound and correct doctrine or not, we find it unnecessary to decide in this case. For, assuming that prior to the adoption of the code, a court of equity would interfere at the instance of an attaching creditor before judgment, and control the disposition of the property of the debtor on the ground of fraud, yet we think

there is no longer any occasion or reason for doing this under our present practice. All the relief that a creditor can require, he can now obtain in the garnishee suit itself, and this does away with all necessity of resorting to a court of equity.

Our statute authorizes the issuing of a temporary injunction in a case where it appears from the complaint that the plaintiff is entitled to the relief demanded, and where such relief consists in whole or in part, in restraining the commission or continuance of any act during the litigation which would produce injury to the plaintiff, or when it shall appear that the defendant is doing, or threatens to do, some act in violation of the plaintiff's rights respecting the subject of action, and tending to render the judgment ineffectual. Section 2, chap. 129, R. S., 1858. We see no reason why the appellants may not avail themselves of the benefit of this provision of law, and obtain all the relief in the garnishee suits which they have demanded in the complaint. We have held that this statute was applicable to a garnishee, and that he was a "defendant in the action," within its spirit and meaning. *Claflin v. Altman*, 14 Wis., 22. In that case, the attaching creditor showed by affidavits that his debtor had made a fraudulent disposition of his property to a party whom he summoned as garnishee; and that this garnishee was insolvent, and that he would be in danger of losing his debt unless such garnishee was restrained from disposing of the property; and the court granted an injunction for that purpose. We thought the fraudulent vendor who had been garnisheed under our statutes, was to all intents a defendant, and that he might be restrained from disposing of the property to the injury of the attaching creditor. This being so, we are satisfied that the remedy given by these provisions of law in the garnishee suits themselves, supersedes any equitable remedy which a creditor might have heretofore had, even conceding that remedy to have existed to the extent claimed by the counsel for the appellants. For surely there

can be no reason or necessity of invoking the power of a court of equity, when they can obtain all the relief to which they may be entitled in the garnishee suits. This is very obvious.

If the appellants can satisfy the circuit court that the defendants in the garnishee suits, during the litigation, are doing, or threaten or are about to do, or are procuring or suffering some act to be done, in violation of their rights respecting the subject of the action, and tending to render their judgment ineffectual, it would be authorized to grant a temporary injunction to restrain such act. This is the remedy given by this statute, and it is precisely the relief demanded by this suit in equity. What necessity can there be for equitable interference? None whatever. For if the facts disclosed in the complaint were made to appear in the garnishee proceedings, the case would fall within the statute, and a temporary injunction might be granted. So, assuming that it was formerly a well settled ground for equitable jurisdiction, to interfere in favor of an attaching creditor and restrain a fraudulent disposition of the property by the debtor, or the fraudulent vendor, we still think that practice has been superseded and abrogated by the remedy given in the above provisions of law. It is strictly analogous to the principle decided in *Graham v. La Crosse & Milwaukee R. R. Co.*, 10 Wis., 459, where it was held that proceedings supplemental to the execution established by the code, were intended to be, and in part were, a substitute for a creditor's bill under the old system of practice, and superseded that action. For a like reason, the relief given by the above provision of law must be deemed to be a substitute for any equitable remedy, even if it previously existed.

The order sustaining the demurrers to the complaint, must therefore be sustained.