CYRUS B. BARNES ET AL. v. THE MICHIGAN AIR LINE RAILWAY CO., ARTHUR BEEBE AND MARSHALL O. HADLEY.

*Judgment—Construction—Presumption as to sufficiency of proof.*

1. Pleas of abatement to the jurisdiction were filed by several defendants one of whom was a railway company. Both were tried, but in giving judgment the court, while reciting only that the railway company had pleaded in abatement ordered that the declaration of "said plaintiffs be quashed *and that the said defendants* go thereof without day; and that said defendants do recover of and from the plaintiffs *its costs and charges by it in its* defense in this behalf expended. *Held,* that the word "defendants" in this judgment referred only to the railway company.

2. Sufficient evidence to warrant the judgment is presumed to have been produced where the bill of exceptions does not purport to contain all that was given.

Error to Wayne.   (Chambers, J.)    April 15.—June 25.

CASE.   Plaintiffs bring error.   Affirmed.

*Henry M. Cheever* for appellants.

*Maynard & Swan* for appellees.

CHAMPLIN, J.   Suit was commenced by declaration filed May 17, 1879, in the circuit court for the county of Wayne, for damages in a plea of trespass on the case. The declaration contains four counts. The first is in case, and the second, third and fourth in trespass vi et armis. The gravamen of the first count of the declaration is that defendant entered upon plaintiffs' premises, situated in Oakland county, Michigan, and obstructed the mill-race of their papermill, thereby

interfering with the flow of water therein, and preventing the running of their paper-mill to its full capacity.

It was claimed by plaintiffs' counsel upon the argument, that the plaintiffs resided in the county of Wayne at the time suit was commenced. I have been unable to find anything in the record which shows that to be the fact.

No service was ever had upon the defendant Arthur Beebe. Defendant Hadley was personally served with declaration in Wayne county, August 18, 1879, and proof of such service was made and filed in the clerk's office the same day. The defendant Hadley filed a plea of the general issue, September 5, 1879. August 26, 1879, declaration was claimed to be served upon the defendant railway corporation in the county of Oakland, by delivering a copy to William Breese, a conductor of the defendant corporation.

On the 25th day of August, 1882, a copy of the declaration was served upon Joseph Hickson, who the plaintiffs claim was a general manager of defendant corporation, and that the service which was made on him in the city of Detroit, was a service on the defendant corporation. September 5, 1879, the Michigan Air Line Railway interposed a plea in abatement as to the jurisdiction of the person of defendant corporation claimed to have been acquired by the service on Breese, which was replied to by plaintiffs, tendering an issue of fact. No new issue was presented by the replication, and no rejoinder was filed. The railway corporation also pleaded in abatement as to the jurisdiction over the person of the defendant corporation by the service of declaration on Hickson. Plaintiffs replied, and there was a rejoinder and similiter. Both of these pleas were treated as fully at issue, and both were tried before the court without a jury, and evidence introduced on the trial was directed to the questions of fact set up in both pleas.

On the 20th of December, 1883, the court rendered the following judgment in said cause :

" The defendant, the Michigan Air Line Railway, having interposed a plea in abatement to the jurisdiction to the declaration in this cause, alleging that no proper service of the

declaration filed in this cause had been made upon said defendant, the Michigan Air Line Railway and replication having been filed by said plaintiffs to said plea in abatement, to which replication said defendant, the Michigan Air Line Railway, having filed a rejoinder, and the issue of fact joined by said pleadings having been brought on for trial before this court without a jury, and the court having heard the allegations and proofs of the respective parties, and the arguments of counsel for the respective parties, and all and singular the premises being seen and by the court now here fully understood, and due deliberation being thereupon had, and the said court now here having found that the plea of said defendant, the Michigan Air Line Railway, by it pleaded in abatement, and the matters therein contained, in manner and form as the same are by it pleaded, is true in substance and in fact; therefore, it is considered and adjudged that the said declaration of the said plaintiffs be quashed; and that the said defendants go thereof without day; and that said defendants do recover of and from the plaintiffs its costs and charges by it in its defense in this behalf expended, to be taxed; and that the said defendants have execution thereof."

No exceptions were taken and no finding of facts filed. Eight errors are assigned upon the record. Six of them are based upon the assertion that in and by the above judgment the circuit court quashed the declaration not only as to the Michigan Air Line Railway, but as to defendant Hadley, who had appeared and plead the general issue, and as to defendant Beebe, who had not been served and who had not appeared. In this the counsel for the plaintiffs is mistaken. The judgment does not purport to extend beyond the matter in issue by the pleas in abatement, and does not purport to quash the declaration as to all of the defendants. In speaking of the Michigan Air Line Railway as defendant, it uses the plural noun and designates the railway as defendants, but the context shows plainly that only this defendant is referred to in the judgment. It adjudges that the " defendants " do recover " its " costs and charges by " it " expended.

The bill of exceptions does not purport to contain all the evidence. Sufficient evidence appears by the return to have been produced to support the judgment. Were it otherwise,

on this record we should presume that sufficient evidence had been introduced to warrant the judgment rendered.

The other points commented upon by the counsel for plaintiffs cannot properly be raised upon this record, and the judgment is affirmed.

The other Justices concurred.