JEWETT CAR CO. v. KIRKPATRICK CONST. CO.

(Circuit Court, D. Indiana. April 15, 1901.)

No. 9,946.

1. FEDERAL COURTS—COUNTERCLAIMS—DISTINCTION BETWEEN LAW AND EQUITY.
   Though a state statute provide that there shall be no distinction in pleading and practice between actions at law and suits in equity, and be but one form of action for enforcement of private rights, a federal court will not take cognizance, on its law side, of a counterclaim which seeks a judgment in favor of defendant against plaintiff, and is therefore of equitable cognizance.

2. REPLEVIN—PROOF UNDER GENERAL DENIAL.
   Defendant in replevin may, under the general denial, prove that the articles were constructed and sold to it under a contract by which plaintiff agreed to deliver them by a certain time, and to pay defendant $100 a day for each day's delay in delivery, and that the amount due for the delay, with the amount paid plaintiff by defendant, equaled the amount of the purchase price.

At Law.

Marsh & Cook and Elliott, Elliott & Littleton, for plaintiff.
F. E. Matson, E. J. Binford, and W. A. Ketcham, for defendant.

BAKER, District Judge. This is an action of replevin for the recovery of the possession of personal property which it is alleged the defendant has possession of without right, and wrongfully detains from the plaintiff. The defendant, by way of answer and counterclaim, alleges that the plaintiff's right of possession grows out of a contract entered into between the plaintiff and the defendant, by the terms of which the plaintiff agreed to build certain cars for the defendant for the sum of $14,000, to be paid at stipulated times in cash; that part of the cars were built and delivered, and $5,000 of the purchase price was paid before delivery; that by the terms of the contract it was agreed that the cars should be delivered on a day certain, and it was mutually agreed that the plaintiff should pay to the defendant the sum of $100 per day for each day's delay in delivery after a day named, which sum should be deducted from the purchase price; that there was a delay of four months or more in the delivery of the cars, for which the defendant is entitled to recover $12,000 or more, and it asks to have $9,000 of said sum applied to the

extinguishment of the balance of the purchase price, and for a judgment against the plaintiff for the residue.   The answer and counterclaims are very lengthy and involved, but the foregoing statement, although meager, sufficiently discloses their character for the purpose of considering the questions presented.   The defendant moves the court to reject the answer and counterclaims for various reasons stated in its written motion.   It is insisted that, inasmuch as the action is in tort for the recovery of the possession of personal property, a counterclaim growing out of contract cannot be entertained.

In the courts of the United States the distinction between actions at law and suits in equity is firmly maintained, and it is not competent for the congress or the state legislature to abrogate such distinction.   The federal courts will take cognizance of and enforce newly created statutory rights, but they will do so according to the practice of those courts.   Newly-created rights which are of a legal nature will be enforced in courts of law, while such rights as are equitable in their nature must be enforced by suits in courts of equity.   Hence, if the statute of the state has created new rights of action or grounds of defense which authorize the blending together of legal and equitable rights and remedies in one pleading, while such pleading would be proper in the courts of the state it cannot properly be entertained in a federal court.   To permit it would be to disregard the distinction between legal and equitable rights and remedies, which is inadmissible.

The legislature of this state has enacted that there shall be no distinction in pleading and practice between actions at law and suits in equity, and that there shall be but one form of action for the enforcement or protection of private rights.   It is further enacted that all the distinct forms of pleading theretofore existing inconsistent with the provisions of the Code are abolished.   The only pleadings allowed are—First, the complaint by the plaintiff;   second, a demurrer and answer by the defendant;   third, a demurrer and reply by the plaintiff.   We are not here concerned with the provisions of the Code applicable to complaints.   It is enacted that the answer shall contain—First, a denial of each allegation of the complaint controverted by the defendant;   second, a statement of any new matter constituting a defense, counterclaim, or set-off in plain and concise language; third, the defendant may set forth in his answer as many grounds of defense, counterclaim, and set-off, whether legal or equitable, as he may have.   It is enacted that a set-off shall be allowed only in actions for money demands upon contract, and must consist of matter arising out of debt, duty, or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off.   From this definition of "set-off," it is apparent that the matter here pleaded by way of counterclaims could not be pleaded as a set-off, because the action is in tort, and not for the recovery of a money demand upon contract.

A counterclaim is declared to be any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages; and it is further provided

that, if any defendant personally served with notice omit to set up a counterclaim arising out of the contract or transaction set forth in the complaint as the ground of the plaintiff's claims, or any of them, he cannot afterwards maintain an action against the plaintiff therefor, except at his own costs. Some confusion has arisen as to the true nature of the counterclaim provided for by the Code. This confusion is largely due to the fact that the Code definition of the counterclaim embraces the common-law recoupment and the cross bill of chancery. Many expressions are to be found in our Reports declaring that our statutory counterclaim is the blending of the cross bill of the chancery practice and of the recoupment of the common law. It is agreed in all the cases that it is an attempt to blend in one system the chancery and common-law pleading and practice in a single answer, called a "counterclaim." Assuming that the counterclaim of the Code comprehends the recoupment of the common-law and the cross bill of the chancery practice, it is at once apparent that the courts of the United States may entertain on their law side such counterclaims as would have constituted recoupment at common law, and it ought to be equally apparent that these courts on their law side cannot entertain such counterclaims as would have constituted the cross bill or cross complaint of the chancery practice.

When a person was sued at law, the purpose of the action was to obtain a judgment affecting his rights of person or property. He who attempted to defend against such an action was called the "defendant," and the means employed to defend against such action were called his "defense." Originally, the word "defense," as used in common-law courts, meant simply the denial of the truth of the declaration. 3 Bl. Comm. 296; Chit. Pl. 428. Later it came to mean whatever was offered by the defendant as sufficient to defeat the cause of action stated in the declaration, either by way of denial, justification, or confession and avoidance. He could defend by demurrer or by pleading matter of fact. Such pleading was called a "plea." There was no such thing known to the common law as a counter or cross action. Mutual claims could not be set off one against the other. Set-off was unknown to the common law, and, as a right enforceable in common-law courts, it is a creature of the statute. If the plaintiff was indebted to the defendant, the latter was compelled to bring a separate suit, or resort to a court of equity to have his claim set off. The defendant might, however, by way of recoupment, show that the plaintiff had not sustained damages to the extent claimed, and thus reduce, or altogether defeat, the plaintiff's recovery. The defendant, by way of recoupment, could not recover judgment for any excess. The practice of the courts of chancery is more liberal. The respondent to a suit in equity may by a cross bill set up a cause of action which will not only defeat the complainant's right of recovery, but will also entitle him to a decree against the complainant for such further appropriate relief as he may show himself entitled to. Such affirmative relief could only be obtained by a cross bill in a court of chancery. The counterclaims in question cannot be entertained unless the statute of this state has worked such a change as that this court may entertain on

its law side a counterclaim which confessedly it could not have entertained in the absence of the statute. Can it be successfully maintained that this court may entertain on its law side a counterclaim seeking relief which, in the absence of the statute, could only be obtained on its equity side? In other words, can the state statute empower this court on its law side to take jurisdiction of a counterclaim which, without the aid of the statute, must have been brought on its equity side?

The statutory definition of a counterclaim marks the distinction between the two classes of legal and equitable remedies embraced in it. The statute embraces two distinct classes of counterclaims. The first consists of any matter arising out of, or connected with, the cause of action which might be the subject of an action in favor of the defendant. This embraces all matters which would have constituted a cross bill or cross complaint in the chancery practice, and perhaps more. The second clause, defining counterclaims, counts on matter which would tend to reduce the plaintiff's claim or demand for damages. This embraces the recoupment of the common law, and nothing more. The first clause of the statutory counterclaim corresponds very closely to the cross bill or cross complaint of the chancery practice. A cross bill, under the chancery practice, to quote the language of an eminent author, "can be sustained only on matter growing out of the original bill." 2 Daniell, Ch. Pl. & Prac. 1548 N. Story, in his Equity Pleading (section 389), says: "A cross bill is filed touching matters in question in the original bill." This principle is recognized by the supreme court of this state in Hunter v. McLaughlin, 43 Ind. 48. If the first class of statutory counterclaims embraces more than the cross bill of the chancery practice, it would constitute simply an enlargement of the scope of the cross bill or cross complaint, but it would not change the equitable character of this class of counterclaims. This is manifest from the fact that the second class of statutory counterclaims is the exact equivalent of the common-law recoupment, which is purely a legal defense. "Recoupment signifies reduction, and originally a defendant could only secure a reduction of the amount of recovery by recouping. It has been steadily held that recoupment is only proper in cases where the defendant's claim grows out of the same contract or transaction as that upon which the plaintiff's cause of action is founded. Davenport v. Hubbard, 46 Vt. 200; 2 Pars. Cont. 742." Standley v. Insurance Co., 95 Ind. 254, 260. The counterclaim of the second class must consist of matter arising out of, or connected with, the plaintiff's cause of action, and tending to reduce the plaintiff's claim or demand for damages. It is purely defensive, and no judgment against the plaintiff for any excess can be recovered. The counterclaims here pleaded do not belong to the second class, because they seek a judgment in favor of the defendant against the plaintiff. These counterclaims belong to the first class, and are of equitable cognizance, constituting cross bills or cross complaints, according to the settled rules of equity pleading. The court is of opinion that, so far as the matter set up in the special answer and counterclaims is defensive, it may be proved under the general

denial. The plaintiff alleges that it is the owner and lawfully entitled to the possession of the cars, and that the same are detained from it by the defendant unlawfully and without right. Any evidence tending to disprove the plaintiff's right of possession at the time the suit was begun is competent under the general denial. The plaintiff, in order to make out its cause of action, must, among other things, prove that the defendant has failed to pay for the cars according to the terms of the contract. Any testimony tending to prove that the cars were paid for at or before the time of bringing the suit would be competent to defeat the action. If any error is committed in striking out the second paragraph of answer, no harm will be done, inasmuch as the matter so pleaded, so far as it is defensive, may be proved under the general denial. It follows that the motion to strike out the second, third, and fourth paragraphs of answer and counterclaim must be sustained. So ordered.