## BOYD *et al.* v. LAMBERT *et al.*

No. 5913.    Opinion Filed October 10, 1916.

(160 Pac. 586.)

1. **INJUNCTION—Bond—Construction—"Defendant".** In an action upon an undertaking, given under section 4132. Stat. 1893, as amended by Laws 1905, p. 319 (section 4877, Rev. Laws 1910) to make effective a temporary restraining order, running to "the defendants," instead of, as required by said section of the statute, to secure the parties injured, the term "defendants" includes not only the nominal defendants, but all other parties against whom injunctional relief is asked and obtained to their direct and immediate or necessary and natural injury.

2. **SAME—Parties—"Agents, Employees, or Persons Working by, Through, or Under Them."** Where, in an action upon an undertaking, given under section 4132. Stat. 1893, as amended by Laws 1905, p. 319 (section 4877, Rev. Laws 1910), to make effective a temporary restraining order, the prayer of the petition and the order made are against certain specifically named defendants, their agents, employees, or any person or persons whomsoever acting or working by or through, or under them, and where such order is served upon and obeyed by independent contractors, who are not specifically named as defendants, but who are engaged in the work sought to be enjoined, this court, following the construction of the parties themselves thus placed upon such order, will hold that such independent contractors are, within the meaning of the

terms of such order. parties against whom injunctional relief is asked and obtained

(Syllabus by the Court.)

*Error from County Court, Nowata County;*
*Wm. F. Gilluly, Judge.*

Action by W. J. Lambert and another, doing business under the firm name and style of Lambert & Birdsell, against F. S. Boyd and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

*Tillotson & Elliott* and *A. C. Hough,* for plaintiffs in error.

*Bert Van Leuven,* for defendants in error.

THACKER, J. The plaintiffs in error will be designated as defendants, except that James Boyd, who departed this life after the trial below, instead of his administrator, who is one of the plaintiffs in error, is included in this designation, and the defendants in error will be designated as plaintiffs, in accord with the respective positions of these parties in the trial court.

This is an action commenced before a justice of the peace and prosecuted, on defendants' appeal, in the county court of Nowata county by the plaintiffs, to recover of the defendants damages to the amount of $145 upon an undertaking given under section 4132, Statutes 1893, as amended by Laws 1905, p. 319 (section 4877, Rev. Laws 1910), for an injunction, upon which undertaking the said James Boyd was principal and his codefendants his sureties. This section of the statute reads as follows:

"Unless otherwise provided by special statute, no injunction shall operate until the party obtaining the same shall give an undertaking with sufficient surety, to be approved by the clerk of the court granting such injunction in an amount to be fixed by the court or judge allowing the

same, to secure the party injured the damages he may sustain, including reasonable attorney's fees, if it be finally decided that the injunction ought not to have been granted."

The aforesaid undertaking now sued on reads as follows:

"IN THE DISTRICT COURT OF NOWATA COUNTY, STATE OF OKLAHOMA.

"James Boyd, a Taxpayer and on the Tax Rolls of School District No. 27, Nowata County, Oklahoma, Plaintiff, v. Chas. White, Henry Daniels, and W. M. Wood, Composing School District Board of School District No. 27, Nowata County, Oklahoma, *et al.*, Defendants.

"Injunction Bond.

"Know All Men by These Presents:

"Whereas, the plaintiff above mentioned in the above-entitled cause has commenced an action against the defendants in the district court of Nowata county, for an injunction against said defendants:

"Now, therefore, we, James Boyd, as principal, and Charles Childers and F. David, as sureties, hereby undertake to the said defendants in the penal sum of three-hundred dollars; that said plaintiffs shall pay to the defendants all damages said defendants, or either of them, may sustain, including reasonable attorney's fees, if it be finally decided that the injunction ought not to have been granted.

"Witness our hands this 12th day of August, A. D. 1911.   James Boyd, Principal, C. W. Childers, F. David, Sureties.

"Approved, August 14, 1911.   J. A. Burns, clerk, by W. H. Thompson, Deputy."

The number of the injunction suit in which this undertaking was given, and the fact of its filing therein on August 14, 1911, was indorsed upon the back of the same.

The suit in which this undertaking was executed was brought by the defendant Boyd, as plaintiff, against a public school district and the director, clerk, and treasurer, as its official board, to enjoin the construction of a schoolhouse for the district upon a certain site, upon which the plaintiffs in the instant case, as independent contractors with the district, had theretofore undertaken and commenced and were then engaged.in constructing such schoolhouse.

Before the giving of this undertaking, but on the same day, August 14, 1911, a temporary restraining order was made, and on the next following day served not only upon the defendants specifically named in that suit, but upon the plaintiffs in the instant case, in words, conforming to the prayer of the petition in that suit and so far as here pertinent, as follows:

"And the court being fully advised in the premises, doth order, adjudge, and decree that Charles White, Henry Daniels, and W. M. Woods, composing school district board of school district No. 27 of Nowata county, Oklahoma, and school district No. 27 of Nowata county, Oklahoma, their agents, employees, or any person or persons whomsoever acting or working by, through or under said defendants, be, and hereby are restrained from building, erecting, or completing said school building in school district No. 27, upon the site selected by the said school district board, or in any manner working upon said building until further ordered by this court."

The plaintiffs in the instant case, having been so served with this order, yielded obedience to the same by discontinuing and abstaining from their work of constructing said schoolhouse until, upon the trial of that cause, on August 30, 1911, it was finally decided and adjudged that Boyd was not entitled to an injunction, and that the temporary restraining order ought not to have been granted.

In the meantime 14 days had elapsed, and the plaintiffs in the instant case, conceiving themselves to have been damaged by this delay in their work of construction of the schoolhouse, brought this action upon the aforesaid undertaking and recovered a judgment for $141.50 before a justice of the peace, and for $112, upon defendants' appeal, in the county court.

The only questions in this case are (1) whether the plaintiffs here were "defendants" in the injunction suit within the meaning of this word in the undertaking there given; and, if not, (2) whether the statute so enlarges the terms and obligations of this undertaking that the latter should in any event be construed as being for the benefit of and creating an obligation to these plaintiffs as a "party injured" under this section of the statute, notwithstanding "defendants" alone are named as obligees in the bond.

A few general observations and a somewhat extended quotation of authorities in respect to the nature of such undertakings and the extent of the liability of parties obtaining the benefit of the statutes by executing and filing the same should perhaps precede any attempt to answer either of these questions.

It should be borne in mind that the obligees in such undertakings have no part in their formation, but are presumably unwilling parties to the same (1 Joyce on Injunctions, sec. 184a, p. 304), and that the purpose of statutes requiring such undertaking, to prevent the injustice which, prior to the enactment of such statute, so often resulted, to the parties enjoined, from hasty orders at the suits of petitioners from whom damages could not be collected for one reason or another, should not be allowed to be defeated by any mere imperfection in the conformity of the terms of the undertaking with those required by the statute,

where the obligors had had the full benefit of the statute to the injury of the party enjoined (1 Joyce on Injunctions, sec. 158, p. 269).

It appears that it should be assumed, and that the obligors in such undertakings are estopped to deny, that their intent was to give an undertaking conditioned as required by statute under which they filed the bond and obtained the benefit thereby given.

In 1 Joyce on Injunctions, sec. 170, p. 284, it is said:

"The statute and its construction enter into and form part of the bond so as to determine the liability of the sureties, and that liability cannot be extended by the stipulations of the parties to the injunction suit."

In *Id.* sec. 172a, p. 287, it is said:

"And though the conditions of an injunction bond are not so extensive as the statute requires, yet, if it contains a material part of the condition required, the bond is not void, but binds the obligors to the extent of such condition or conditions. *. * *"

In 2 High on Injunctions, sec. 1622, p. 1578, it is said:

"So although the condition of the bond is less extensive than as required by the statute, yet if it contains a material part of the conditions required it will be held obligatory to the extent of such conditions."

In *Underhill v. Spencer*, 25 Kan. 71, where the undertaking was to pay "all costs and damages which may be awarded * * * on the final hearing in this cause by the court," instead of all damages "sustained," as required by the statute, it is said:

"The bond was given under section 242 of the Code, which requires the parties obtaining an injunction order to give an undertaking 'to secure to the party injured the damages he may sustain, if it be finally decided that the in-

junction ought not to have been granted.' If the language of the bond or undertaking had followed the statute, there would be no doubt as to the liability. But it must be presumed to have been under that statute, as there is none other applicable; and the plaintiff brought and obtained by means of such bond, the injunction. Even a void bond has been enforced against the obligors, when they have received the full benefit thereof, and this upon the doctrine of estoppel. *Daniels v. Tearney*, 11 Reporter, 113 [102 U. S. 415, 26 L. Ed. 187]. In that case it appeared that the bond was given in compliance with a statute of Virginia made to aid in the insurrectionary movements of 1861. The bond was therefore under an unconstitutional statute, and void. But inasmuch as the principal in the bond had by means thereof obtained all the benefits attempted to be conferred by such statute, it was held that the obligors were estopped to deny its validity. Now the principal in this undertaking obtained by means thereof the restraining order. Can the obligors thereafter say that this bond was outside the statute; that the restraining order was improperly issued thereon, and that they are not bound for all damages sustained by the defendant?"

In the case of *Hutchins v. Munn*, 209 U. S. 246, 28 Sup. Ct. 504, 52 L. Ed. 776, where the undertaking was "to make good to the defendant all damages by him suffered," although there were four defendants named in the bill or petition, Mrs. Munn, one of the four defendants, who was absent in Europe and was not served with notice or any process, and, being a female, was not within the terms of the bond in that it described the obligee as "him" and as the "defendant" instead of the "defendants," but who suffered the principal injury from the injunction, was allowed to recover upon the bond, the court saying:

"It is contended that the undertaking does not, by its terms, include Mrs. Munn in its protection, because it is expressed to be an undertaking 'to make good to the defendant all damages by him suffered.'

"Little pains need be expended on the argument which arises out of the letter of the bond. The undertaking was exacted by the court, it was offered by the complainant at a time when none of the defendants knew of the pendency of the suit, and it was entitled 'No. 23468, Equity Docket, *Stilson Hutchins, Complainant, v. Chas. A. Munn, et al., Defendants.*' It accompanied a restraining order directed against 'the defendants and each of them,' and we think it should be held to run to all the defendants who were included in that order.

"It is further contended that, as Mrs. Munn was never served with a subpœna or notice either of the order to show cause or of the restraining order, she is not entitled to the benefits of the undertaking. The order of the court was served immediately upon the architect and the builder, and the work was instantly stopped. No injury from the wrongful use of the injunction was inflicted upon either of the defendants served with the court's order, but only upon the owner of the house (Mrs. Munn). It is now said that, although the court had, as a condition of issuing the restraining order, exacted an undertaking to indemnify her, she cannot recover upon it, because she was beyond the reach of the process of the court. But this view is based upon a misconception of a restraining order and the undertaking to make good the injury resulting from its wrongful use.  *   *   *   In the case at bar the order accomplished its purpose and instantly arrested the progress of the work by restraining those who were engaged in it. The injury against which the undertaking was designed to indemnify was incurred by Mrs. Munn, and we find nothing in the facts of this case which takes away the remedy on the undertaking exacted by the court for her protection.  *.  *   *   It is enough that the order was obtained without notice to her, that it was wrongfully sued out, that it was observed until dissolved, and that it inflicted injury upon her rights."

Boyd's petition in the injunction suit, in which the undertaking sued on in the instant case was given, was

filed on August 12, 1911, the temporary restraining order was made and this undertaking executed on August 14, 1911, and the order was served upon the nominal defendants in that suit and the plaintiffs in the instant case on August 15, 1911. In view of these facts and of the further fact that temporary restraining orders are made without notice to the adverse parties, it will be assumed that this order was obtained without notice to the plaintiffs in the instant case, as was done in the Munn Case.

In *New England Box Co. v. Prentiss et al.,* 76 N. H. 313, 82 Atl. 531, where an order enjoining the sale of all "planks, lumber, and timber" on a certain lot was determined to be wrongful in respect to all such "planks, lumber, and timber," and where it appears the party enjoined might reasonably have assumed that certain railroad ties on said lot, not actually involved in the controversy, were not intentionally included in the order or, at least, might at once have obtained a modification of the order so as to exclude such ties from its effect, it was held in an action on the bond that the party enjoined was "entitled to recover for the loss sustained upon the entire amount of lumber (including such railroad ties) by reason of his implicit obedience of the order of the court." Also see, as in point of principle, *Southwestern Surety Ins. Co. v. Davis,* 53 Okla. 332, 156 Pac. 213. In 22 Cyc. 1043, 1044, it is said:

"At the common law, the rule is that actions upon injunction bonds are required to be prosecuted in the name of the obligee in the bond. In some jurisdictions, however, such a suit may be brought by the real party in interest. * * * The action, it has been decided, may be brought by an injunction defendant not named in the bond, by one not served in the injunction suit, or by one of a class enjoined; but one who is not a defendant, is not named in

the undertaking, and does not belong to a class who ought to have been made defendants, cannot maintain an action on the bond."

Where, in a suit for an injunction, parties executed and filed an undertaking less extensive in the terms of its obligations than this section of our statute requires, but for the purpose of obtaining the benefit of the statute, and do obtain the same to the direct and immediate injury of another party, it seems obvious that they must be liable, either for their wrongful omission or failure to comply with the statute or upon the bond, to the same extent that they would be if they had executed an undertaking in the terms of the statute, especially if such other party had no opportunity to object to the sufficiency of the undertaking before the injunctional relief was obtained; but, as it is not easy to conceive how anything not expressed can be read into such an undertaking, it is not easy to understand how, if it be conceded that an action is strictly upon and limited to the terms of an undertaking, there can be any recovery beyond such terms, although we deem it unnecessary to decide; and do not here decide, this or any question other than that of the liability of the defendants under the terms of the undertaking here sued on.

The term "defendant," as used in the courts of common law, originally meant "a person who was sued in a court of law, and who attempted to resist such suit." *Brower v. Nellis,* 6 Ind. App. 323, 33 N. E. 672; *Jewett Car Co. v. Kirkpatrick Const. Co.* (C. C.) 107 Fed. 622. Also, see *Hull v. Garner,* 31 Miss. 145; *Barnes v. Michigan Air Line Co.,* 54 Mich. 243, 20 N. W. 36; *Adamson v. Sundby,* 51 Minn. 460, 53 N. W. 761. In Bouvier's Law Dictionary the word "defendant" is defined as "a party sued in a personal action." 13 Cyc. 762. In *Malley v. Altman,* 14 Wis. 22, and *Almy v. Platt,* 16 Wis. 169, it was held:

"A statute authorizing the granting of an injunction when, during the litigation, it appears that the defendant in the action is doing or threatening to do some act in violation of plaintiff's rights should be construed to include a garnishee."

In an action upon an undertaking for an injunction running to "the defendants" in an injunction suit as obligees, we think the term "defendants" includes all parties against whom injunctional relief is asked and obtained to their direct and immediate or necessary and natural injury, whether specifically named as defendants or merely shown to be within a designated class against whom the injunction suit is aimed, as, for instance, in the instant case against defendants "Charles White, Henry Daniels, and W. M. Woods, composing school district board of school district No. 27, of Nowata county, Oklahoma, and school district No. 27 of Nowata county, Oklahoma, their agents, employees, or any person or persons whomsoever acting or working by, through, or under said defendants."

It may be doubted whether the plaintiffs, being independent contractors, were technically "agents, employees, or persons working by, through, or under" the specifically named "defendants" within the meaning of the prayer in the petition for injunction and of the temporary restraining order in the instant case; but these terms are very broad; and, since they were construed by all the parties to that suit to include the plaintiffs, they will be so construed here.

The statute, under which this undertaking was given, requires an undertaking, in effect, to secure to all parties injured the damages they may sustain; and this requirement must be read into the terms of the bond as expressive of its purpose.

.This consideration aids the construction we have given this bond as including all parties against whom injunctional relief is asked and obtained to their direct or immediate or necessary and natural injury. The propositions upon which defendants ask a reversal in this case are supported by a few cases from other jurisdictions precisely in point; but these cases seem inconsistent with the principles that usually are and should be applied in construing such undertakings.

For the reasons stated, the judgment of the trial court is affirmed.

SHARP, HARDY, and TURNER, JJ., concur; KANE, C. J., not participating.